UNITED STATES DISTRICT COURT
STATE OF RHODE ISLAND

FILED
2014 FEB 13 P 3:40
U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

SHARON DUPONT, )
    Plaintiff, )
vs. ) No.
GC SERVICES LIMITED PARTNERSHIP )
    Defendant. )

CA 14- 86 S

## COMPLAINT

COMES NOW the Plaintiff, SHARON DUPONT ("Plaintiff"), by and through her attorneys, and for Plaintiff's Complaint against Defendant, GC SERVICES LIMITED PARTNERSHIP, alleges and affirmatively states as follows:

### INTRODUCTION

1. This action is brought by Plaintiff pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

3. Defendant conducts business in the State of Rhode Island establishing personal jurisdiction.

4. Venue is proper pursuant to 28 U.S.C. 1391(b)(1).

### PARTIES

5. Plaintiff is a natural person who at times relevant resided in the City of Bristol, County of Bristol, in the State of Rhode Island.

6. Plaintiff is obligated or allegedly obligated to pay a debt and is a "consumer" as that term is defined by 15 U.S.C. 1692a(3).

7. Defendant is a business entity with a business office located at 6330 Gulfton, Houston, Texas 77081.

8. Upon information and belief, interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

9. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and sought to collect a consumer debt from Plaintiff.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

## FACTUAL ALLEGATIONS

11. Defendant was assigned to collect a debt from Plaintiff.

12. The alleged debt is for a Sam's Club Discover account, with account number ending 5066, and/or is owed to GE Capital Retail Bank.

13. The aforementioned debt arises from transactions that were for personal, family and household purposes.

14. In its collection attempts, Defendant placed telephone calls to Plaintiff and sent written correspondence to Plaintiff.

15. Around July or August of 2013, Defendant started placing telephone calls to (401) 253-76xx.

16. The aforementioned telephone number, (401) 253-76xx, is Plaintiff's home telephone number.

17. Defendant placed its calls to Plaintiff from multiple telephone numbers including, but not limited to, (401) 354-1029, (401) 354-1030, (401) 354-1059, (401) 354-1060, (401) 536-9588 and (401) 536-9647.

18. Defendant called Plaintiff excessively in its collection attempts, calling Plaintiff multiple times throughout the day.

19. Between August 30, 2013 and September 25, 2013, a period of 27 days, Defendant called Plaintiff at least 152 times.

20. Defendant's excessive calls include, but are not limited to:

   a) August 30 – 7 calls;
   b) August 31 – 7 calls;
   c) September 2 – 5 calls;
   d) September 3 – 7 calls;
   e) September 4 – 6 calls;
   f) September 5 – 6 calls;
   g) September 6 – 3 calls;
   h) September 7 – 5 calls;
   i) September 8 – 2 calls;
   j) September 9 – 5 calls;
   k) September 10 – 5 calls;
   l) September 11 – 6 calls;
   m) September 12 – 5 calls;
   n) September 13 – 3 calls;
   o) September 14 – 7 calls;
   p) September 15 – 5 calls;
   q) September 16 – 7 calls;
   r) September 17 – 6 calls;
   s) September 18 – 7 calls;
   t) September 19 – 7 calls;
   u) September 20 – 7 calls;
   v) September 21 – 7 calls;
   w) September 22 – 6 calls;
   x) September 23 – 7 calls;
   y) September 24 – 7 calls; and
   z) September 25 – 7 calls;

21. Plaintiff was annoyed by Defendant's constant, continuous and excessive telephone calls, and felt harassed and abused by Defendant.

22. Defendant used harassing conduct in connection with its attempts to collect the alleged debt from Plaintiff.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT, (FDCPA), 15 U.S.C. § 1692 et seq.

23. Plaintiff repeats, re-alleges and incorporates by reference all of the foregoing paragraphs.

24. Defendant violated the FDCPA. Defendant's violations include, but are not limited to the following:

   a. Defendant violated §1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress or abuse Plaintiff in connection with the collection of a debt; and

   b. Defendant violated §1692d(5) of the FDCPA by causing Plaintiff's telephone to ring repeatedly and continuously with the intent to annoy, abuse, and/or harass Plaintiff.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

25. Statutory damages of $1000.00 pursuant to the Federal Act, 15 U.S.C. 1692k.

26. Costs and reasonable attorney's fees pursuant to the Federal Act, 15 U.S.C. 1692k.

27. Any other relief that this court deems to be just and proper.

DATED: 2/10/14

RESPECTFULLY SUBMITTED,

_____
Adam J. Combies, Esq.
Combies Hanson
185 Devonshire Street, Suite 200
Boston, MA 02110
Attorneys for Plaintiff